|  |  |
|---|---|
| THE SLOAN COMPANY, INC.<br><br>PLAINTIFF<br><br>v.<br><br>N. GLANTZ & SON, LLC<br><br>DEFENDANT<br><br>Serve: Corporation Service Company<br>251 E. Ohio St.<br>Suite 500<br>Indianapolis, IN 46204 | *ELECTRONICALLY FILED*<br><br>Civil Action No.   3-12-cv-755-H |

## COMPLAINT

\* \* \* \* \*

Comes the Plaintiff, The Sloan Company, Inc., by counsel, and for its Complaint against Defendant, N. Glantz & Son, LLC, states as follows:

1.      At all times relevant herein, plaintiff, The Sloan Company, Inc. ("Sloan"), was and is a citizen of the State of California, being a corporation organized and existing under the laws of the State of California and maintaining its principal place of business in California. Sloan is engaged in, among other things, the design, development and sale of Light Emitting Diode (LED) technology across the United States and throughout the world.

2.      At all times relevant herein, Defendant, N. Glantz & Son, LLC ("Glantz"), is a citizen of the State of Indiana, being a limited liability company organized and existing under the laws of the State of Indiana and listing its principal place of business in Indiana.  Glantz is also registered as a foreign limited liability company in the Commonwealth of Kentucky.  Among

other things, Glantz supplies and delivers digital, commercial, neon and electrical signs and graphics supplies.

3. Jurisdiction in this Court is founded on diversity of citizenship pursuant to 28 U.S.C. §1332, as Sloan and Glantz are citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to Sloan's claims occurred, and a substantial part of property that is the subject of the action is situated, in this District.

**FACTS**

5. Glantz maintains its Central Distribution Center at 2501 Constant Comment Place, Louisville, Kentucky 40299.

6. Glantz, through its Central Distribution Center, executed various purchase orders for products from Sloan and requested that the ordered products be shipped to various addresses across the United States.

7. Sloan complied with the aforementioned purchase orders from Glantz and shipped the requested products to the designated locations.

8. Sloan issued invoices dated between November 4, 2011, and February 29, 2012, for each shipment of products purchased by Glantz that indicated the product(s) being shipped and the amount due.

9. Pursuant to the terms of the purchase orders and corresponding invoices, Glantz had an obligation to pay for the products supplied to Glantz by Sloan.

2

10.     That as of the date of the filing of this Complaint, Glantz has failed to pay for the products purchased from Sloan as reflected in the invoices dated November 4, 2011, through February 29, 2012.

## COUNT I—BREACH OF CONTRACT

11.     Sloan restates, realleges and incorporates by reference as if fully set out herein the allegations set forth in Paragraphs 1 through 10 of the Complaint.

12.     Glantz breached the agreement contained within the purchase orders and invoices referenced herein by ordering and accepting the products from Sloan and failing to pay the amount due for the purchases.

13.     The aforementioned actions by Glantz constitute a material breach of the purchase orders and corresponding invoices.

14.     As a proximate result of the aforementioned actions, Sloan has been injured and has suffered damages in an amount in excess of $75,000.00, exclusive of costs, interest and fees.

## COUNT II—*QUANTUM MERUIT*/UNJUST ENRICHMENT

15.     Sloan restates, realleges and incorporates by reference as if fully set out herein the allegations set forth in Paragraphs 1 through 14 of the Complaint.

16.     Sloan conferred to Glantz a benefit, *i.e.* Sloan provided Glantz with certain products as requested by Glantz.

17.     Glantz was aware of the benefits conferred to it.

3

18. Glantz unlawfully, and without the consent of Sloan, has kept the products provided by Sloan without paying the amount due for said products as reflected in the invoice issued for each purchase.

19. Glantz has continued to possess and/or use the products provided by Sloan for Glantz's own benefit without paying the amount due for the products as reflected in the invoices referred to herein.

20. Glantz's acceptance and retention of this benefit is inequitable, unjust and unconscionable.

21. As a proximate result of the aforementioned actions, Sloan has been injured and has suffered damages in an amount in excess of $75,000.00, exclusive of costs, interest and fees.

WHEREFORE, Plaintiff, The Sloan Company, Inc., respectfully demands:

1. Judgment against N. Glantz & Son, LLC in an amount in excess of $75,000.00, plus pre-judgment and post-judgment interest until paid according to law;

2. Reimbursement for its costs expended herein, including a reasonable attorney fee;

3. A jury trial; and

4. Any and all other relief to which The Sloan Company, Inc. may appear entitled.

BOEHL STOPHER & GRAVES, LLP


/s/ Edward H. Stopher

Edward H. Stopher
Kristin N. Logan
AEGON Center, Suite 2300
400 West Market Street
Louisville, KY 40202
estopher@bsg-law.com
klogan@bsg-law.com
Phone:  (502) 589-5980
Fax:  (502) 561-9400
COUNSEL FOR PLAINTIFF,
THE SLOAN COMPANY, INC.

453414.1